```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
JAMES MOORE, Individually and
on Behalf of All Others Similarly
Situated,                                  Civil Action No.
                                           07 CV 4805
                Plaintiffs,

        -against-                          COMPLAINT

CITY OF NEW YORK,

                Defendant.
- - - - - - - - - - - - - - - - - - - x
```

Plaintiffs, JAMES MOORE, individually and on behalf of all others similarly situated, by their attorneys, TAUBMAN KIMELMAN & SOROKA LLP, as and for their Complaint, allege as follows:

## I. NATURE OF CLAIM

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 207, 216(b) and 260 ("FLSA"), and specifically the collective action provision of the FLSA found at section 216(b), and pursuant to the New York State Labor Law, N.Y. Labor Law §§ 190-99, 215 and 12 N.Y.C.R.R. Part 142 ("N.Y. Labor Law"), to remedy violations of the wage provisions of these statutes by defendant CITY OF NEW YORK, ("CITY"), which deprived the named Plaintiff, as well as others similarly situated, of their lawful wages.

## II. JURISDICTION

1. The jurisdiction of this Court to adjudicate Plaintiffs' first claim is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 2201, 2202 and 29 U.S.C. § 216(b), this being a suit

authorized and instituted pursuant to the FLSA.

2. The jurisdiction of this Court to adjudicate Plaintiffs' second claim is invoked pursuant to 28 U.S.C. Ï 1367(a), as they are so related to Plaintiffs' first claim that they form part of the same case or controversy.

### III. PARTIES AND VENUE

1. Plaintiff, JAMES MOORE, ( Plainti ff ) was employed by CITY, and assigned to the New York City Administration for Children Services ( ACS ) as a Houseparent commencing on or about December 17, 1984. Plaintiff worked out of various group homes until on or about June 28, 2001 when he was laid off. Plaintiff was recalled to his position on or about October 23, 2003. Plaintiff is currently working for ACS in the title of ( Congregate Care Specialist ).

2. At all times relevant to this Complaint, all named Plaintiffs were "employees" within the meaning the FLSA and the New York Labor Law.

3. Upon information and belief, ACS maintains its principal office in State, County and City of New York.

4. Upon information and belief, at all times relevant to this action, CITY was and is an "employer" within the meaning of section 203(d) of the FLSA and section 190 of the New York Labor Law.

### IV. FACTS SUPPORTING OVERTIME VIOLATIONS

5. Upon information and belief, the primary function of Houseparent was to be located in and to provide services for child residents in various group homes maintained by ACS.

2

6. Upon information and belief, prior to 2003, Houseparents worked exclusively in a group home environment employed by ACS and were responsible for such tasks as, leading and directing recreational activities for the residents; organizing and conducting Rap sessions and house meetings with the residents; explaining and enforcing rules and regulations and where appropriate implementing disciplinary actions; attending to the schooling needs of the residents; insuring that medical appointments were kept; checking and maintaining equipment and physical condition of the residence; participating in community meetings; maintaining adequate supply of materials for residents needs, maintaining a regular wake-up/bedtime schedule; writing and preparing individual progress reports of the residents, chaperoning residents on outside activities and field trips; participating in staff meetings; organizing and participating in housekeeping and shopping chores including purchasing of food and other residence and resident items.

7. Upon information and belief, during the period from plaintiffs employment and up to and including the year 2001 Houseparents were paid based on a 60 hour work week and worked four (4) day weeks for a fifteen (15) hour shift.

8. On or about June 28, 2001, Plaintiff was advised that the title of Houseparent was no longer utilized by ACS. Plaintiff was laid off from his position as a Houseparent in that all residence homes were closed.

9. On or about October 2003, Plaintiff was recalled for employment as a Houseparent but not assigned a position in a residence since all residences had all been closed by ACS.

10. Upon information and belief, during the year 2003 the title Houseparent was eliminated and replaced with the title Congregate Care Specialist .

11. On or about October 17, 2003 Plaintiff was assigned to work at a field office of ACS located at 1254 Linden Boulevard, Brooklyn, New York. This location was not a residence home and no children slept or lived at the location.

12. Plaintiff no longer was required to work 5 day 12 hour shifts. He was assigned to work from 9-9, five days a week. There was no requirement to provide the same tasks that he had previously provided when he was required to stay and live in the group home residence.

13. Plaintiffs duties and tasks at the field office changed. It was no longer a residence but a place where children waited until they were placed in other facilities ie. foster homes. No children slept or lived at the residence.

14. Plaintiffs job became that of a home aide at a nursery. He now had only five tasks including leading and directing

4

recreational activities in the field office; checking and maintaining equipment; maintaining adequate supply of materials; participating in staff meetings; and organizing and participating in clean ups.

15. Despite working more than 40 hours per week in this new position plaintiff was not paid overtime for any of his hours worked over 40 hours.

## AS AND FOR A FIRST CLAIM
## (WAGE AND OVERTIME/FLSA)

16. Plaintiff, JAMES MOORE and all others similarly situated, repeat and reallege the allegations contained in paragraphs 1 through 15, as if set forth fully herein.

17. Since in or about October 2003, and on a continuing basis thereafter CITY has violated the FLSA by failing to pay Plaintiffs and others similarly situated overtime above their straight time rates for hours worked in excess of 40 per week.

18. FLSA Ï 7, 29 U.S.C. Ï 207 states all employees in interstate commerce be paid each week for each hour worked in excess of forty at a rate of one and a half (1 1/2) times their regular hourly rate of pay.

19. Upon information and belief, CITY's employment practices

5

deprived Plaintiff and others similarly situated of overtime pay to which they were entitled.

20. The practice of failing to compensate its employees, including the named Plaintiff, for overtime hours worked, and/or the failure to compensate them at the proper rate of one-and-one-half (1 1/2) times their regular hourly rate is in violation of 29 U.S.C. Ï 207.

21. CITY's actions were willful in failing to compensate the named, Plaintiff, as well as all others similarly situated, in accordance with the overtime provisions of the FLSA.

22.     As a result of the violations of the FLSA, the named, Plaintiff, as well as those who may file Consents to Become Party Plaintiffs hereafter, have suffered damages by failing to receive compensation due them during their employment with CITY.  In addition to the amount of unpaid wages owing to the named, Plaintiffs herein, as well as those persons filing Consents to Become Party Plaintiffs hereafter,  are also entitled to recover an additional, equal amount as liquidated damages pursuant to 29 U.S.C. Ï 216(b) and/or prejudgment interest.

23. The named Plaintiff, and those similarly situated, are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. Ï 216(b).

## AS AND FOR A SECOND CLAIM
## (FAILURE TO PAY OVERTIME/NEW YORK LABOR LAW)

24. Plaintiff, JAMES MOORE repeat and reallege the allegations contained in paragraphs 1 through 23, as if set forth fully herein.

25. The General Wage Order promulgated by the Division of Labor Standards of the New York State Department of Labor, 12 N.Y.C.R.R. ïï 142-1.1, *et seq.*, states that an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate.

26. Since in or about October 2003, and on a continuing basis thereafter, CITY has violated the New York Labor Law by failing to pay Plaintiff, JAMES MOORE, overtime above their straight time rates for hours worked in excess of 40 per week.

27. CITY's employment practices have deprived Plaintiff and those similarly situated of overtime pay to which they were entitled.

28. The employment practices that have deprived Plaintiff of overtime pay have been utilized and followed by CITY for at least three calendar years.

29. The practice of failing to compensate the named

Plaintiff and those similarly situated for overtime hours worked, and/or the failure to compensate them at the proper rate of one-and-one-half (1 1/2) times their regular hourly rate is in violation of the N.Y. Labor Law.

30  CITY's actions were willful in failing to compensate Plaintiff and those similarly situated in accordance with the overtime provisions of the N.Y. Labor Law.

31. As a result of the violations of the N.Y. Labor Law, Plaintiff and those similarly situated have suffered damages by failing to receive compensation due them during their employment with CITY. In addition to the amount of unpaid wages owing to the Plaintiff and those similarly situated herein, they are also entitled to recover an additional, 25% percent of the total amount of the wages found to be due, as liquidated damages pursuant to the N.Y. Labor Law.

32. The named Plaintiff and those similarly situated are also entitled to an award of attorneys' fees pursuant to section 198 of the N.Y. Labor Law.

## *RELIEF*

33. Plaintiff, on behalf of himself and all other similarly situated, pray that this Court grant an order and/or judgments against CITY for the following relief:

### *ON THE FIRST CLAIM*

      A.    That the Court issue notice to all similarly situated persons;

      B.    That other similarly situated past or present employees be given the opportunity to join in this lawsuit as party Plaintiffs by filing written consents pursuant to 29 U.S.C. Ï 216(b);

      C.    Actual damages for loss of wages and overtime pay, in an amount to be determined at trial, plus interest;

      D.    Liquidated damages in double the amount of actual damages.

### *ON THE SECOND CLAIM*

      A.    Actual damages for loss of wages and overtime pay, in an amount to be determined at trial, plus interest;

      B.    Liquidated damages in 25% the amount of total damages.

### ON ALL CLAIMS

      A.    Award Plaintiff and all others similarly situated the costs of this action, together with their reasonable attorneys' fees.

      B.    Grant Plaintiff and all others similarly situated such other and further relief as may be deemed necessary, just and proper by this Court.

## XI. JURY DEMAND

Plaintiffs and all others similarly situated demand a trial by jury with respect to all issues and claims properly triable before a jury.

Dated: New York, New York
       May 23, 2007

TAUBMAN KIMELMAN & SOROKA LLP

By: _____
Philip E. Taubman, Esq. (PT7312)

A Member of the Firm
Attorneys for Plaintiffs
30 Vesey Street
New York, New York 10007
212 227-8140

CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

```
_____
(SIGNATURE)
(SIGN YOUR NAME)


_____
(PRINT NAME)


_____
(STREET ADDRESS)


_____
(CITY, STATE, ZIP)


_____
(TELEPHONE NUMBER)


_____
(SOCIAL SECURITY NUMBER)
```

11

## VERIFICATION

STATE OF NEW YORK }
                              ss.:
COUNTY OF NEW YORK }

    **JAMES MOORE**, being duly sworn, deposes and says:

    I am the Plaintiff in the action herein; I have read the annexed SUMMONS AND COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
JAMES MOORE

Sworn to before me
this 30 day of MAY, 2007

_____
NOTARY PUBLIC

PHILIP TAUBMAN
Notary Public, State of New York
No. 02TA4824061
Qualified in Nassau County
Commission Expires August 31, ~~2006~~ 2010