UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

JAMES MOORE, Individually and on Behalf of All
Others Similarly Situated,

                              Plaintiffs,

-against-

CITY OF NEW YORK,

                              Defendant.

---------------------------------------------------------------------- x

**ANSWER**

07 Civ. 4805 (BSJ)(HBP)

       Defendant, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges as follows:

       1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to proceed as set forth in this paragraph and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

       2.     Denies the allegations set forth in second paragraph "1" of the Complaint, except admits that plaintiffs purport to set forth the basis of jurisdiction.

       3.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purport to set forth the basis of jurisdiction.

       4.     Denies the allegations set forth in third paragraph "1" of the Complaint, except admits that plaintiff James Moore ("Plaintiff Moore") commenced employment with the City of New York ("City") in the title of Houseparent on or about December 17, 1984, that Plaintiff Moore was assigned to the City's Administration for Children's Services, ("ACS") where he worked at various locations designated by ACS, and that effective on or about March

25, 2007, Plaintiff Moore began working at ACS in the title of Congregate Care Specialist ("CCS").

5. Second paragraph "2" of the Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendant denies the allegations set forth in this paragraph, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

6. Admits the allegations set forth in paragraph "3" of the Complaint.

7. Paragraph "4" of the Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendant denies the allegations set forth in this paragraph, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

8. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that at one time, ACS operated group homes for children and that City employees in the title of Houseparent worked in those group homes.

9. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that in the past, City employees in the title of Houseparent were assigned to perform tasks at group homes operated by ACS.

10. Denies the allegations set forth in paragraph "7" of the Complaint, and respectfully refers the Court to the collective bargaining agreements for employees in the title of Houseparent for a complete and accurate statement of the salary and work week of a Houseparent.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admits that Plaintiff

Moore's title was changed from Houseparent to provisional Clerical Associate, Level III ("CA3"), effective September 9, 2001, and that group homes operated by ACS are closed.

13. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Plaintiff Moore's name was placed on ACS's recall list for the title of Houseparent, that Plaintiff Moore's name was subsequently called from that list, that Plaintiff Moore's title changed from provisional CA3 to Houseparent effective October 26, 2003, and that all ACS group residences for children have been closed.

13. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that the title of Houseparent is not presently used at ACS, and that some ACS workers in the Houseparent title who were retained by ACS, became employees in the title of Congregate Care Specialist ("CCS").

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admits that, on or about October 27, 2003, Plaintiff Moore's work location was at the Linden Boulevard Nursery in Brooklyn, New York, and that the Linden Boulevard Nursery is not a group residence for children.

15. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that, in general, the Linden Boulevard Nursery hours of operation are Monday through Friday, from 9 A.M. to 9 P.M., and that Plaintiff Moore was regularly assigned to work there during the Nursery's hours of operation.

16. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that the Linden Boulevard Nursery takes care of some children who have been removed

from a residence who are awaiting medical clearance and placement in a new residence, and that the Linden Boulevard Nursery is not a group residence for children.

17. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that, on or about March 25, 2007, Plaintiff Moore's title was converted from Houseparent to CCS and respectfully refers the Court to the job description of CCS for a complete and accurate statement of the duties and responsibilities of a CCS.

18. Denies the allegations set forth in paragraph "15" of the Complaint.

19. In response to the allegations set forth in paragraph "16" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "15," as if fully set forth here.

20. Denies the allegations set forth in paragraph "17" of the Complaint.

21. Paragraph "18" of the Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendant denies the allegations set forth in this paragraph, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

22. Denies the allegations set forth in paragraph "19" of the Complaint.

23. Denies the allegations set forth in paragraph "20" of the Complaint.

24. Denies the allegations set forth in paragraph "21" of the Complaint.

25. Denies the allegations set forth in paragraph "22" of the Complaint.

26. Denies the allegations set forth in paragraph "23" of the Complaint.

27. In response to the allegations set forth in paragraph "24" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "23," as if fully set forth here.

28. Paragraph "25" of the Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendant denies the allegations set forth in this paragraph, and respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents.

29. Denies the allegations set forth in paragraph "26" of the Complaint.

30. Denies the allegations set forth in paragraph "27" of the Complaint.

31. Denies the allegations set forth in paragraph "28" of the Complaint.

32. Denies the allegations set forth in paragraph "29" of the Complaint.

33. Denies the allegations set forth in paragraph "30" of the Complaint.

34. Denies the allegations set forth in paragraph "31" of the Complaint.

35. Denies the allegations set forth in paragraph "32" of the Complaint.

36. Denies the allegations set forth in paragraph "33" of the Complaint, except admits that plaintiff purports to set forth the relief he seeks.

**AS AND FOR A FIRST DEFENSE:**

37. The Complaint fails to state any claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE:**

38. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD DEFENSE:**

39. This case may not be maintained as a collective action because the named plaintiffs are not similarly-situated to or otherwise adequate representatives for the persons whom they purport to represent.

**AS AND FOR A FOURTH DEFENSE:**

40. Plaintiffs are estopped from asserting some or all of the claims asserted in the complaint because defendant's actions were based upon and in accordance with the governing collective bargaining agreements and the past practices established thereunder.

### AS AND FOR A FIFTH DEFENSE:

41. Plaintiffs have waived some or all of the claims asserted in the Complaint by virtue of the collective bargaining agreements that govern the terms and conditions of their employment.

### AS AND FOR A SIXTH DEFENSE:

42. Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust contractual remedies.

### AS AND FOR A SEVENTH DEFENSE:

43. Plaintiffs' claims are barred, in whole or in part, by the _de minimis_ doctrine.

### AS AND FOR A EIGHTH DEFENSE:

44. Defendant at all times relevant to this action acted in good faith, not in willful or reckless disregard of and in conformity with the existing laws of the United States, the State of New York, the City of New York and pursuant to the applicable rules of the City of New York. Hence, by virtue of 29 U.S.C. § 256, the statute of limitations applicable to each plaintiff's Fair Labor Standards Act claims begins two years prior to the commencement of this action or the filing of that plaintiff's consent form, whichever is later.

### AS AND FOR A NINTH DEFENSE:

45. Plaintiffs are exempt from the overtime provisions of Fair Labor Standards Act by virtue of 29 U.S.C. § 213.

### AS AND FOR A TENTH DEFENSE:

46. Alternatively, plaintiffs are exempt in substantial part from the overtime pay provisions of the Fair Labor Standards Act by virtue of 29 U.S.C. § 207(o).

### AS AND FOR A ELEVENTH DEFENSE:

47. Defendant, at all times relevant to this action, acted in good faith reliance upon and in conformity with administrative rulings, regulations, interpretations and enforcement policies of the Wage and Hour Division of the United States Department of Labor in implementing the compensation policies and practices at issue in this case.  Hence, by virtue of 29 U.S.C. § 259, this action is barred.

### AS AND FOR A TWELFTH DEFENSE:

48. Defendant, at all times relevant to this action, has acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the Fair Labor Standards Acts.  Hence, by virtue of 29 U.S.C. § 260, no liquidated damages should be awarded by the Court, if, arguendo, damages are awarded against defendant.

### AS AND FOR AN THIRTEENTH DEFENSE:

49. Plaintiffs may not be awarded both liquidated damages and interest under the Fair Labor Standards Act if, arguendo, damages are awarded against defendant.

### AS AND FOR A FOURTEENTH DEFENSE:

50. If, arguendo, any of the plaintiffs are found to be entitled to any amount or award under the Fair Labor Standards Act, liability of the defendant must, by virtue of 29 C.F.R. § 778.114, be calculated on the "half-time" basis.

### AS AND FOR AN FIFTEENTH DEFENSE:

51. If, <u>arguendo</u>, any of the plaintiffs are found to be entitled to any amount or award under the Fair Labor Standards Act and if defendant is liable under the Fair Labor Standards Act at all, defendant is liable to pay such compensation only for "working time" as provided by law.

**WHEREFORE,** defendant requests judgment dismissing the Complaint and denying all relief requested therein, entering judgment for defendant, and granting defendant costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         August 27, 2007

          **MICHAEL A. CARDOZO**
          Corporation Counsel of the
            City of New York
          Attorney for Defendant
          100 Church Street, Room 2-124
          New York, New York 10007-2601
          (212) 788-0860

By:   **ECF          /S/**
      Robert J. Anderson
      Assistant Corporation Counsel

To:   **TAUBMAN KIMELMAN & SOROKA, LLP**
      30 Vesey Street, 6th Floor
      New York, New York 10007
      Att: Philip E. Taubman

## **CERTIFICATE OF SERVICE**

I, **ROBERT J. ANDERSON**, hereby certify that, on August 27, 2007, I caused a true and correct copy of the foregoing Answer to the Complaint to be served upon plaintiffs' counsel, by ECF and in a prepaid postage envelope first-class mail, addressed to

> TAUBMAN KIMELMAN & SOROKA, LLP
> 30 Vesey Street, 6th Floor
> New York, New York 10007
> Att: Philip E. Taubman, Esq.,

that being the address that plaintiffs' counsel designated for receipt of such material.

Dated:   New York, New York
         August 27, 2007

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-124
New York, New York 10007-2601
(212) 788-0860


By: _____
         Robert J. Anderson
         Assistant Corporation Counsel

07-Civ.-4805 (BSJ)(HBP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JAMES MOORE, Individually and on Behalf of All Others Similarly Situated,<br><br>                                                                              Plaintiffs,<br><br>                           -against-<br><br>CITY OF NEW YORK,<br><br>                                                                         Defendant. |
| **ANSWER** |
| **MICHAEL A. CARDOZO**<br>Corporation Counsel of the City of New York<br>Attorney for Defendant<br>100 Church Street, Room 2-124<br>New York, New York  10007-2601<br><br>Of Counsel:    Robert J. Anderson<br>Tel No.:        (212) 788-0860<br><br><br>Case No.: 2007-018284 |
| *Due and timely service is hereby admitted.*<br><br>Dated: New York, N.Y.  ............................. , 2007<br><br>Attorney for ............................................................<br><br>Signed:  ................................................................<br><br>Print Name:  .......................................................... |